# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DURRELL M. HARRIS**,

    Plaintiff,

v.                                          Case No. 18-CV-1176

**MALLORY MEVES,
OFFICER LENTZ, and
OFFICER E. ALLEN,**

    Defendants.

## DECISION AND ORDER

On December 4, 2018, the court screened Durrell Harris's amended complaint and allowed him to proceed on claims against defendant Mallory Meves. Less than a week later, Meves filed a motion to dismiss, arguing that the court should dismiss the case because there is a pending state criminal case that relates to the events at issue in Harris's amended complaint.

On December 27, 2018, Harris responded to Meves's motion and filed a motion to amend his amended complaint. A week later, Meves file a motion asking the court to stay its decision on Harris's motion to amend his amended complaint until after it decided Meves's motion to dismiss.

The court has reviewed Harris's proposed second amended complaint. The allegations in his second amended complaint are largely unchanged from the allegations in his amended complaint. The major difference is that, in Harris's

amended complaint, he referenced Officers Lentz and Allen only in his allegations; he did not name them as defendants. In Harris's second amended complaint, Harris names Officers Lentz and Allen as defendants. Because the second amended complaint and amended complaint are substantively identical, the court will grant Harris's motion to amend his amended complaint.

In addition to the claims the court has already allowed Harris to proceed with against Meves (*see* ECF Nos. 18, 30), Harris may also proceed on a Fourth Amendment claim against Lentz and Allen based on his allegations that they failed to stop Meves from searching his home and garage even though they allegedly knew she was doing so without a warrant or Harris's consent. The court highlights Harris's assertion that "this is [his] final complaint." (ECF No. 38.) The court will hold Harris to that assertion. Absent extraordinary circumstances, the court will not allow any additional amendments.

Although the court is allowing Harris to proceed against new defendants, it will stay this case pending resolution of the state criminal proceedings against Harris. *See Gakuba v. O'Brien,* 711 F.3d 751, 753 (7th Cir. 2013) ("[F]ederal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings.") Harris argues that the state criminal case has nothing to do with this case because the criminal case was filed months after the events alleged in his second amended complaint. Harris is incorrect. According to the summons attached to Meves's motion (ECF No. 34-1), the violations charged in the

state case occurred on February 14, 2017; those violations and timeframe are consistent with the allegations in Harris's second amended complaint.

Harris correctly notes that, even if he is convicted of the charges, claims relating to an improper arrest or search are generally not barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because they rarely call in to question the validity of an underlying conviction. Nevertheless, it is possible that in the course of the state proceedings, the state court will address the truthfulness of Meves's statements to Harris's probation agent, the legality of the search, and/or the propriety of the seizure of Harris's dogs. "Under collateral estoppel, 'once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Guenther v. Holmgreen*, 738 F.2d 879, 883 (7th Cir. 1984) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). In other words, while *Heck* may not preclude Harris's federal case, collateral estoppel might. Accordingly, the court will stay this case to allow the criminal case to run its course.

**IT IS THEREFORE ORDERED** that Harris's motion to amend (ECF No. 38) is **GRANTED**. The clerk's office will docket the proposed second amended complaint (ECF No. 38) as the operative complaint.

**IT IS FURTHER ORDERD** that Meves's motion to stay a decision on Harris's motion to amend (ECF No. 41) is **DENIED**.

**IT IS FURTHER ORDERED** that Meves's Motion to Dismiss (ECF No. 32) is **GRANTED in part**.

**IT IS FURTHER ORDERED** that this case is **STAYED** until Harris's criminal case, *State of Wisconsin v. Durrell Marice Harris*, Case No. 2017BR1256, is resolved.

**IT IS FINALLY ORDERED** that Meves shall update the court on the status of the state court proceedings in ninety days.

Dated in Milwaukee, Wisconsin, this 9th day of January, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge
