**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**DURRELL M. HARRIS,**

    Plaintiff,

  v.                                                                           Case No. 18-CV-1176

**MALLORY MEVES, OFFICER LENTZ, and
OFFICER E. ALLEN,**

    Defendants.

---

**DECISION AND ORDER ON PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

Durrell M. Harris, who has obtained leave of the court to amend his complaint twice, has requested leave to amend his complaint again. (Docket # 54, Docket # 56.) For the reasons below, his motion will be granted.

## BACKGROUND

On July 31, 2018, Harris filed a complaint against Green Bay Police Officer Mallory Meves alleging that Meves provided false information to his parole agent resulting in his arrest and detention as well as seizure of his dogs. (Compl., Docket # 1.) Harris, who was incarcerated at the time, paid the initial partial filing fee and I thereafter screened the complaint. (Docket # 18.) I allowed Harris to proceed on a Fourth Amendment claim against Meves, but denied two motions to amend the complaint to add additional details, finding that they were unnecessary. (Docket # 18.) Harris subsequently filed another motion to amend the complaint (Docket # 26), which I granted (Docket # 30). The Amended Complaint alleged a second Fourth Amendment claim: that Meves had searched his house and garage

without a warrant and without his consent. (Am. Compl., Docket # 31.) A few weeks later, Harris filed another motion to amend the complaint. (Docket # 38.) The proposed Second Amended Complaint was substantively identical to the First Amended Complaint except that it named as additional defendants two officers who were referenced in Harris's allegations. (Second Am. Compl., Docket # 44.) I granted the motion to amend, but stayed the case pending resolution of Harris's criminal case, *State of Wisconsin v. Durrell Marice Harris*, Case No. 2017BR1256. (Docket # 43 at 4.) It appears that the two additional defendants, Officers Lentz and Allen, were not served with the Second Amended Complaint.

In January 24, 2020, Harris notified the court that his criminal case was resolved and requested that the stay be lifted. (Docket # 53, Docket # 55.) Harris also filed a letter asking the court for permission to amend the complaint (Docket # 54) but did not attach a copy of the proposed amended complaint. One week later, Harris filed a document labeled as a motion to amend the complaint that included a proposed amended complaint.[1] (Docket # 56.)

On February 5, 2020, I held a telephonic hearing in which I lifted the stay on Harris's case. (Docket # 59.) I also allowed the parties to address Harris's motions to amend the complaint and indicated that I would issue a written order addressing them. (*Id.*)

## ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading has been filed, a party may amend his or her pleading only by leave of court or by written consent

---

[1] I will construe both Docket # 54 and Docket # 56 as motions to amend given that Harris requested permission to amend his complaint in both, but find the first motion moot as it is duplicative of the second. Additionally, I remind Harris that Civil Local Rule 15 requires a proposed amended pleading to be filed as a separate attachment to a motion to amend. As Harris is proceeding *pro se,* the court construes his filings generously, but reminds him that he should follow the Civil Local Rules in addition to the Federal Rules of Civil Procedure.

of the adverse party. Rule 15(a)(2) states that the court "should freely give leave when justice so requires." But when a party seeks to amend the pleadings after the time for doing so has passed as determined by the court's scheduling order, a two-step process applies. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). First, a court is entitled to apply the heightened good cause standard of Rule 16(b)(4), under which the primary consideration for the court is the diligence of the party seeking amendment. *Id*. at 720. Then, the court considers whether the proposed amendment should be allowed under Rule 15(a)(2), which provides that leave to amend may not be appropriate where the amendment may cause undue delay or prejudice or where it would be futile. *Id*.; *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). With the interplay of these two rules, the court is called to balance both Rule 15's liberal policy that cases generally should be decided on the merits and not on the basis of technicalities, *Stern v. United States Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977), and Rule 16's aim to prevent parties from delaying or procrastinating and to keep the case moving toward trial, *Alioto*, 651 F.3d at 720.

The motion to amend Harris filed on January 21, 2020 asserts that there is newly discovered evidence that must be included in the complaint. (Docket # 54.) Harris states that he recently learned that the five puppies seized in his criminal case had been adopted out and that the mother of the puppies had been euthanized before it was determined that Harris had committed any crime related to them. (*Id.*) Harris explains that those charges have been dismissed, and argues that the loss of his puppies and euthanasia of his dog violated his due process rights under the Fifth and Fourteenth Amendments. (*Id.*) The motion to amend filed on January 28, 2020 repeats these allegations and includes a proposed amended complaint containing them. (Docket # 56.) As I can discern no material difference between the two

3

motions except that the second contains more details and a proposed amended complaint, I find the first motion moot and will address only the second motion and proposed amended complaint.

In sum, Harris wishes to add a claim for denial of due process due to the permanent loss of his dogs. On the information before me, I do not find that Harris has unduly delayed bringing this claim, as he asserts that he learned only recently that his dogs would never be returned to him and therefore only recently decided to add a claim for a due process violation. At the hearing on these motions, the defendants opposed the motion as not making substantively different claims than his first complaint[2] but identified no prejudice to them from another amendment of the complaint. (Telephonic Hearing of Feb. 5, 2020 at 7:47–8:34.) Accordingly, I will grant Harris's most recent motion to amend the complaint. However, I notify Harris, as I did in my order granting his last motion to amend (Docket # 43 at 2), that the court will hold Harris to the assertion that this is his last amendment to the complaint. Absent truly extraordinary circumstances, the court will allow no further amendments.

Finally, as it appears Officers Lentz and Allen were never served with the Second Amended Complaint, the Marshals Service will be ordered to serve a copy of the Third Amended Complaint (Docket # 56) as well as a copy of this order on these two defendants.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Harris's Motion to Amend Complaint (Docket # 56) is **GRANTED**. The clerk's office will docket the third proposed amended complaint (Docket # 56) as the operative complaint entitled "Third Amended Complaint."

---

[2] I disagree on this point, as Harris adds a due process claim and facts supporting it.

**IT IS FURTHER ORDERED** that Harris's Motion to Amend Complaint (Docket # 54) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals Service shall serve a copy of the Third Amended Complaint, a waiver of service form and/or the summons, and this order on defendants Lentz and Allen. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a)(1)(A) & (b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. § 0.114(a)(2). Although Congress requires the Court to order service by the United States Marshals Service because *in forma pauperis* plaintiffs are unable to pay the filing fee, it has not made any provision for these fees to be waived either by the Court or by the United States Marshals Service.

Dated at Milwaukee, Wisconsin this 6th day of February, 2020.

BY THE COURT

 *s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge